**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Richard Walker, a citizen of the state of Arizona,<br><br>              Plaintiff,<br><br>vs.<br><br>Robert Locke, a citizen of the State of Arizona; Lisa Hechendorn, Vollmer Locke, a citizen of the State of Arizona,<br><br>              Defendants. | No. CV 07-366-PHX-JAT<br><br>**ORDER (UNDER SEAL)** |

Pending before this Court is Plaintiff's Motion to Seal the Complaint citing *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006), Plaintiff argues that he has shown "compelling reasons" to keep this entire file under seal. The Court disagrees.

*Kamakana* begins with a strong presumption of public access to judicial records. *Kamakana*, 447 F.3d at 1179. Thus, the *Kamakana* court recognized only very limited situations where documents could be sealed. Specifically, the Court recognized that a particular document might be sealed if it contained a trade secret. *Id.* The Court also recognized preventing the Court record from being used to gratify private spite, promote public scandal, or circulate libelous statements as a valid basis for sealing. *Id.* Thus, generally, the Court may seal documents when the, "court files might have become a vehicle for improper purposes." *Id.* (internal quotations omitted).

1 In this case, Plaintiff states "the threat of public scandal or injury to the reputation of
2 innocent parties is great." Motion at 3. Public scandal and injury to reputation are not bases
3 for sealing. Most cases involve allegations that a particular party would prefer not be made
4 public; however, that cannot be the basis for sealing entire case files. *See Foltz v. State*
5 *Farm*, 331 F.3d 1122, 1136 (9th Cir. 2003) ("A litigant who might be embarrassed,
6 incriminated, or exposed to litigation through dissemination of materials is not, without more,
7 entitled to the court's protection...." (internal quotations and citations omitted)).

8 This analysis is particularly true given that it appears Plaintiff is trying to protect his
9 own reputation (because presumably he is not alleging the defendants are the "innocent"
10 parties). Plaintiff chose to file litigation. Unfortunately for Plaintiff, litigation is public. *Id.*
11 at 1135; *see also Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir.1995) (recognizing
12 strong presumption in context of civil trial); *accord United States v. Edwards*, 672 F.2d 1289,
13 1294 (7th Cir.1982) (same in context of criminal trial); *United States v. Criden*, 648 F.2d
14 814, 823 (3d Cir.1981) (same)).

15 Thus, the Court having found that Plaintiff has failed to show that this case should be
16 sealed,

17 **IT IS ORDERED** that the Motion to Seal (Doc. #1) is denied.

18 **IT IS FURTHER ORDERED** that the Clerk of the Court shall NOT file the lodged
19 proposed complaint (the Clerk of the Court shall mail the lodged proposed complaint back
20 to Plaintiff's counsel).

21 **IT IS FURTHER ORDERED** that Plaintiff may file an unsealed complaint within
22 10 business days of this Order.

23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

1    **IT IS FURTHER ORDERED** that if Plaintiff does not file an unsealed complaint
2 within 10 business days of this Order, the Clerk of the Court shall, without further notice,
3 close this case.

    DATED this 27th day of March, 2007.

                                                            */s/ James A. Teilborg*
                                                             James A. Teilborg
                                                             United States District Judge

Copies to Counsel for Plaintiff Only.